SHANNON, Acting Chief Judge.
The appellant has filed this appeal from an order for summary judgment in favor of the appellee-bank and a dismissal of appellant’s complaint with prejudice.
Plaintiff filed suit for the conversion of stock owned by her which was pledged as security for a loan made to plaintiff and her husband. (Before this suit was started plaintiff obtained a divorce from her husband.) This loan was for $56,-500.00 and was evidenced by four demand notes which were signed by both plaintiff and her husband.
The defendant sold some of plaintiff’s stock and applied the proceeds as follows: $28,196.24 credited to notes signed by plaintiff; $2,918.63 to pay off installment loans owed by plaintiff’s husband to defendant; $2,000.00 to pay off advances made by defendant to plaintiff’s husband; $18,477.69 deposited in a joint checking account in the name of plaintiff and her husband; and $1,582.64 was given to plaintiff.
The central issue here is whether the bank had authority to sell the plaintiff’s stock. The defendant claims it had such authority by virtue of the following clauses which appeared in the demand notes:
“As security for the payment of the foregoing note and/or of any and all such liabilities, the undersigned hereby pledge (s) to the bank * * *
* * * * * *
“The undersigned, if more than one, shall be jointly and severally liable hereunder and upon the foregoing note and all provisions hereof regarding liabilities or security of the' undersigned shall apply to any liability or any security of any or all of them * *
Based on the above quoted portions of the demand notes, the defendant-bank clearlv had authority to sell the plaintiff’s stock.
It should also be pointed out that the plaintiff allowed her husband to control her property and did not inform the defendant that the husband had no control or right to control the property. In May of 1963 the plaintiff knew that some of her collateral had been sold, but she made no complaint. In July of 1963 plaintiff went to the defendant and asked for the return of the remainder of her securities. Defendant refused to surrender the securities unless the note was paid in full, so plaintiff paid off the rest of the note. At this *626 time plaintiff made no protest or complaint about her securities having been sold. If the plaintiff did not want her stocks sold, why didn’t she inform the bank of this and why didn’t she complain about the sales when she found out about them?
As stated before, the bank was authorized under the demand notes to sell the stock. The bank did not exceed this authorization and cannot be held liable for conversion of the stock.
Finding no error in the record, the judgment appealed from is affirmed.
Affirmed.
HOBSON, J., and WILLSON, JESSE H., Associate Judge, concur.